IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-2020-PAB-KLM

SCOTT WILLIAM SUTHERLIN,

    Plaintiff,

v.

DENVER CAR SERVICE,
NATIONAL CASUALTY COMPANY, and
AMERICAN FAMILY INSURANCE,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Court's **Minute Order** [#20][1] issued on October 4, 2018. In that Minute Order [#20], the Court ordered Plaintiff to file Responses to the pending Motions to Dismiss [#14, #16, #17] (all of which were filed in late August) no later than October 25, 2018. Plaintiff was warned that failure to comply with the Minute Order [#20] "will result in a recommendation that his case be dismissed for failure to prosecute." (emphasis omitted).

To date, the Minute Order has not been returned to the Court as undeliverable. Despite the Court's clear warning about the consequences for failure to respond to the Minute Order, Plaintiff did not file Responses, or any other document, by the October 25,

---

[1] "[#20]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

-1-

2018 deadline. As the Court sets forth in detail below, Plaintiff's conduct demonstrates a lack of interest in prosecuting this case. Because Plaintiff is proceeding pro se, the Court has given Plaintiff multiple opportunities to prosecute his case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110.

By way of giving context to the Court's Recommendation, the Court provides the following background. On May 26, 2016, Plaintiff filed the present lawsuit pro se in the United States District Court for the District of Minnesota, seeking damages allegedly sustained for injuries relating to a car accident which occurred while he was in Colorado. *See generally Compl.* [#3]. On August 8, 2016, the United States District Judge presiding over the case ordered the matter transferred to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1406(a). *See* [#1]. The case underwent pro se review from August 9, 2016, until July 26, 2018. On July 26, 2018, Plaintiff's long-pending Application to Proceed in District Court Without Prepaying Fees or Costs [#4], first filed in the District of Minnesota on May 20, 2016, was granted, and the United States Marshals Service was shortly thereafter directed to serve the Complaint and Summons on the three Defendants in this matter. *See* [#5, #7]. On July 30, 2018, and August 1, 2018, the case was reassigned to the present District Judge and Magistrate Judge. *See* [#6, #8]. Between August 28 and 30, 2018, Defendants filed their Motions to Dismiss [#14, #16, #17]. Plaintiff did not file Responses and did not meet the Court's extended deadline by which to do so. *Minute Order* [#20].

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be

dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to a plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008). Typically, the Court is inclined to recommend dismissal without prejudice under circumstances such as these where a plaintiff has simply stopped prosecuting his case very early on in the litigation process. However, given the age of the case, the Court notes that dismissal at this time, even without prejudice, would likely effectively serve as a dismissal with prejudice due to the statute of limitations.[2] Thus, although typically not required to do so when recommending dismissal without prejudice, *see Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017), the Court here examines the factors outlined in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

In *Ehrenhaus*, the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[3] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy

---

[2] To be clear, the Court makes no finding at this time about whether the statute of limitations would, in fact, bar Plaintiff from filing a new lawsuit based on the same incident underlying the present lawsuit.

[3] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A. Prejudice to Defendants

From a review of the case file, the Court finds that Plaintiff's neglect of his case has prejudiced Defendants, albeit minimally at this early stage of the case. Defendants have defended the lawsuit in good faith by responding to service of the Complaint and Summons and by preparing court documents. Allowing the case to proceed when Plaintiff's whereabouts are unknown would require Defendants to expend further unnecessary time and expense to defend against a case which Plaintiff appears to no longer have an interest in prosecuting on his own. This factor weighs in favor of dismissal.

### B. Interference with the Judicial Process

The Court concludes that Plaintiff's failure to prosecute his case necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to contact the Court or put himself in a position to comply with

Court orders evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused the undersigned and her staff to expend unnecessary time and effort. The Court's frequent review of the case file and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

### C. Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward. The Court provided Plaintiff with ample opportunities to litigate his case, but since the case was transferred from the District of Minnesota, he has chosen not to participate. As a voluntary pro se litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court orders and applicable rules. *See, e.g., Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). An examination of the record reveals that no Court-issued documents have been returned for insufficient address. Thus, Plaintiff has either ignored these filings or else failed to inform the Court of his current address. It is solely the responsibility of Plaintiff to ensure that the Court knows of his whereabouts. Considering the history of this case, the Court must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

### D. Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court in its October 4, 2018 Minute Order [#20] that he risked dismissal of his case if he failed to move the case forward or to comply with Court orders. Pro se litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Thus, even if Plaintiff did not receive the warning because he failed to keep the Court apprised of his current mailing address, the responsibility for lack of notice falls on his shoulders. The Court also notes that this Recommendation will serve as a final advance notice of sanction of dismissal, to which Plaintiff may respond if he so chooses, as outlined at the end of this Recommendation. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's effort to advise Plaintiff of the potential for dismissal does not prevent this result.

### E.     Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not been in contact with the Court since the transfer of his case here in August 2016, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct. Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

Based on the foregoing,

IT IS **RECOMMENDED** that Plaintiff's case be **DISMISSED without prejudice**

pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 2, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge